J. S15040/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALEXANDER DIAZ, | : | No. 2505 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 25, 2012,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000992-2011

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 16, 2017**

Alexander Diaz appeals from the judgment of sentence of April 25, 2012, following reinstatement of his direct appeal rights ***nunc pro tunc***. We vacate the judgment of sentence and remand for resentencing.

The trial court summarized the history of this case as follows:

> Appellant/Defendant was tried and convicted for possession with intent to deliver [("PWID")] heroin and related crimes, after the undercover purchase of heroin on September 23, 2010 in Chester, Delaware County, Commonwealth of Pennsylvania.[Footnote 1]
>
> > [Footnote 1] Two prior undercover heroin purchases occurred on September 17, 2010 and September 21, 2010 involving the defendant's co-defendant, Alexander Santo.
>
> Appellant, Alexander Diaz, appeals from the judgment of sentence imposed on April 25, 2012,

following his conviction for [PWID], Conspiracy to delivery [] of heroin and possession of paraphernalia.[Footnote 2]

[Footnote 2] On December 8, 2011 the defendant was found guilty after a Jury Trial on the merits. Sentencing proceeded thereafter on April 25, 2012 together with a Post-Sentence Rights colloquy. A counseled Motion to Modify and Reduce Sentence was filed thereafter on May 7, 2012 which was denied by order of court dated June 1, 2012. No direct appeal was filed or preserved.

On September 26, 2012 a **Pro Se** PCRA Petition was filed averring, **inter alia**, ineffectiveness for failure to file or preserve the defendant's direct appeal rights.

After appointment of collateral counsel the defendant was granted leave and continuances to file multiple amendments to defendant's PCRA Petition. There appearing [to be] no dispute the Defendant's rights on direct appeal were not properly protected by trial counsel and thus extinguished, this court on July 28, 2014 granted the **nunc pro tunc** reinstatement of the Defendant's right to direct appeal.

The Office of the Delaware County Public Defender[,] consistent with such time constraints [as] this court directed via its July 28, 2014[] order reinstating **nunc pro tunc** direct appellate rights[,] lodged on August 29, 2014[] an appeal notice from the Defendant's sentencing judgment.

On Appeal, Appellant challenges his convictions for lack of sufficient evidence. Appellant/Defendant also attacks his sentence contending the Trial Court impermissibly and unconstitutionally imposed a mandatory minimum sentence in violation of **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

Appellant proceeded to a two-day jury trial on December 7-8, 2010. Appellant was found guilty of the aforementioned charges. Subsequently, on April 25, 2012, with the benefit of a presentence investigation and report, this Court imposed the following sentence. On the PWID heroin conviction, this Court imposed a sentence of 48 months to 96 months imprisonment with a 10 year consecutive probation for the criminal conspiracy conviction and an additional 1 year probation consecutive to the conspiracy conviction for the possession of paraphernalia conviction. (Sentencing, 4/25/12, pp. 54-62).

Trial court opinion, 6/28/16 at 1-2 (emphasis added and deleted).

On January 9, 2015, the trial court ordered appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b), and appellant timely complied on January 28, 2015. On June 28, 2016, the trial court filed a Rule 1925(a) opinion.[1]

Appellant has raised the following issue for this court's review:

Whether the mandatory minimum sentence imposed in this matter on the charge of [PWID] is illegal and must be vacated since the statutory provisions utilized have been ruled unconstitutional[?]

---

[1] The reasons for the nearly two-year delay between when appellant filed his notice of appeal on August 29, 2014, and receipt of the record in this court on July 1, 2016, are unclear.

Appellant's brief at 7 (capitalization deleted).[2]

Here, appellant was subject to a mandatory minimum sentence of 2-4 years' imprisonment for PWID under 18 Pa.C.S.A. § 6317 (drug-free school zones). (Trial court opinion, 6/28/16 at 5.) In **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), our supreme court concluded that the United States Supreme Court's decision in **Alleyne** rendered Section 6317 unconstitutional in its entirety. **See also Commonwealth v. Wolfe**, 140 A.3d 651, 653 (Pa. 2016) ("The effect of **Alleyne**'s new rule was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing.").

The Commonwealth argues that the trial court imposed a sentence of 4-8 years, twice the mandatory minimum. (Commonwealth's brief at 6.) Therefore, according to the Commonwealth, the 2-year mandatory did not affect appellant's sentence. (**Id.** at 7.) However, the trial court specifically determined that Section 6317 applied. (Appellant's brief at 14; trial court opinion, 6/28/16 at 5.) **See Commonwealth v. Barnes**, ___ A.3d ___, 2016 WL 7449232 at *5 (Pa. 2016) (rejecting the Commonwealth's argument that the sentencing court was not without authority to enter the appellant's sentence because it possessed separate discretionary authority

---

[2] Appellant's sufficiency of the evidence claim has been abandoned on appeal.

under which he could have received the same sentence). We vacate appellant's judgment of sentence and remand to the trial court for resentencing without application of 18 Pa.C.S.A. § 6317.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2017